CALIXTA ORTA RODRÍGUEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 1101. Submitted July 7, 1942.—Decided July 28, 1942.

*Luis Tirado Géigel* for appellant.   The registrar appeared by brief.

ON MOTION FOR RECONSIDERATION

MR. JUSTICE DE JESÚS delivered the opinion of the court.

On the 25th of last month we dismissed this appeal because we believed that, within an administrative appeal, we lacked jurisdiction to review the decision of the registrar. We then said, citing the cases of *Bartolomei* v. *Registrador de Ponce,* 2 *S.P.R.* 589, *Mollfulleda* v. *Registrar,* 19 P.R.R. 950, *Comunidad Religiosa, etc.* v. *Registrar,* 55 P.R.R. 896, and *Banco de Ponce* v. *Registrar,* 58 P.R.R. 605, that an administrative appeal lies only from a decision of the registrar of property denying the record, entry, or cancellation of titles which are presented to him, but not from other decisions of the registrars which affect the rights of parties and against which interested parties may invoke other legal remedies.   We also said that the application presented in this case to the registrar was not a title but merely an *ex parte* petition, whereby it was sought to can-

770

cel, relying on §2 of Act No. 12 of 1923 (Spec. Sess. Laws, p. 36), the record of a mortgage constituted in favor of a third person, upon a property owned by the appellant, and on that ground we dismissed the appeal without considering its merits. The appellant has asked us to reconsider our order of the 25th of last month. The arguments which she adduces have convinced us that our former decision is erroneous. Therefore, it is our duty to reconsider the same.

The availability of an administrative appeal does not depend on the character of the document which is presented in the registry, but on the nature of the act which the registrar is requested to perform. If what is sought is the making of a record, entry, or cancellation, and the registrar, in passing upon the document, suspends, denies, or qualifies, by the assignment of a curable defect, the action sought, an administrative appeal lies to review his decision. Accordingly, §§1 and 5 of the Act regulating appeals from the decisions of registrars of property provide as follows:

"Section 1.—That when any registrar of property refuses absolutely or provisionally to record or to give its full legal effect to any document which may be presented to him for recording for the annotation of the contents thereof, whether it be a deed, a decree, a mortgage, a satisfaction of a mortgage or any other document which he is required by law either to record or to enter, he shall set out clearly and concisely at the foot of the document his reasons for the refusal and shall serve notice of his action upon the interested party accompanied by a copy of his written reasons for the refusal.

"Section 5.—Any party interested in any document presented for record may appeal to the Supreme Court from any decision of the registrar as to the existence of defects and as to whether they are immaterial and curable or not. The Supreme Court may affirm or reverse the decisions of the registrar and the registrar shall make the appropriate entry in conformity with its decision."

But where, on the basis of facts set forth by the petitioner, the registrar is requested to exercise his quasi-judicial discretion, by taking some action for certifying as to the existence or nonexistence of encumbrances on the

title to an immovable, or as to the legal condition of the same, in such cases an administrative appeal does not lie to review the decision of the registrar. In the four cases which we cited in our former decision, there were involved rulings of the kind last-above mentioned.

In *Bartolomei* v. *Registrar, supra,* Don Pedro Bartolomei, on February 7, 1902, presented in the Registry of Property of Ponce a deed in his favor whereby a rural property was conveyed to him, and on March 17 following, at the foot of, said deed, there was added to the entry of presentation a note wherein the registrar annulled said entry of presentation on the ground that 30 days had elapsed without the interested party having paid the tax prescribed by subdivision (c) of §79 of the Act providing revenues for the People of Puerto Rico. From that ruling an administrative appeal was taken which this court dismissed as improper.

In the more recent case of *Banco de Ponce* v. *Registrar, supra,* in order to show that the principle involved was the same as the one in the three previous cases, we said:

"In the case at bar we are not dealing either with the refusal of the registrar of property to record, enter or cancel a deed, but with a purely *ex parte* proceeding before the registrar, where the appellant, as petitioner, did not comply (in the judgment of the registrar) with the requisite of offering to the purchaser of the property and later depositing in the registry, 'the full amount of the purchase price at public auction, with annual interest at the rate of 12 per cent, together with all costs incurred and taxes due.'"

▇ The case at bar is different. Here there is involved an appeal from the refusal of the registrar of property to cancel a mortgage because of the alleged defect that petitioner's signature to his written application for cancellation had not been authenticated. In this case an administrative appeal lies to review the decision of the registrar.

Having reconsidered the above question, we will now proceed to determine whether, as contended by the registrar, the signature to a petition wherein, pursuant to §2 of

Act No. 12, approved August 9, 1923 (Spec. Sess. Laws, p. 36), it is sought to cancel a mortgage that according to the registry has been due for more than twenty years, should be authenticated.

Section 1 of the above-mentioned act, in its pertinent part, provides as follows:

"Section 1.—On written application of a party or of the representative of such party, authenticated before a notary, the Registrars of Property shall proceed to cancel in the respective register:
"*        *        *        *        *        *        *"

(It makes reference to mentions of mortgages, annuities (*censos*), etc.; entries of attachments, prohibition to alienate, etc.; entries of mortgage bonds to guarantee the faithful performance of public duties, when executed in favor of the State, etc., and finally judgment liens recorded for over five years.)

And §2 in its pertinent part reads thus:

"Section 2.—
"*        *        *        *        *        *        *

"On the lapse of one year from the date on which this Act takes effect and on petition of *the aforesaid interested parties,* registrars shall cancel the mortgage referred to in this section, without need of any notice whatever, if the filing of suit to recover the same or the subsistence of such liens is not shown in the registry." (Italics ours.)

The registrar maintains that the application referred to in §2 must be authenticated before a notary. The appellant maintains the contrary, and argues that §2, when referring to the application, does not demand such requisite. In our opinion, the registrar is right. [4] The various sections of a statute should be construed in relation to one another, completing or supplying what is lacking or obscure in one with what is provided in the other, and endeavoring always to effectuate the legislative purpose. The interdependence between §§1 and 2 is rendered more evident by the reference made in §2 to "the aforesaid interested parties" who are none other than those referred to, more fully, in §1.

And if the express purpose of the legislator is that such persons, in order to obtain the cancellation of a mention of a mortgage or an entry of the pendency of a suit or of an attachment, must authenticate their signatures before a notary on the written applications presented to that end, the more so should it be presumed that it is the legislative purpose to require no less formality from those persons who seek the cancellation of a right having greater legal import than the former, as is the cancellation of a mortgage right. If we confined ourselves strictly to the letter of §2, without bringing it into relation with §1, as is sought by appellant, we would have to conclude that an application to cancel a mortgage could be made orally, inasmuch as §2 does not state, as does §1, that it should be in writing. [5] Such construction would be manifestly absurd, and a construction which leads to an absurd conclusion must be rejected. The fallacy of appellant's argument stands out clearer if we realize that all actions taken in the registry of property must rely, at least, on the secure and serious basis of an authentic document.

For the reasons stated our order of the 25th of last month is hereby reconsidered, and entering now into the merits of the case, the decision appealed from will be affirmed.